**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **DANNIE R. CARTER, <u>et</u> <u>al.</u>,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL NO. 3:07CV651** |
| ) | |
| **COUNTRYWIDE HOME LOANS, INC., <u>et</u> <u>al.</u>,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION**

This matter is before the Court, by the consent of the parties, on Defendant United States's Motion to Dismiss the Amended Complaint (docket entry no. 48). For the reasons set forth herein, the Court will GRANT Defendant's motion.

**I. Factual Background**

Dannie and Dorothy Carter ("Plaintiffs") owned the property located at 1771 Altman Road, Richmond, Virginia, 23228. (Countrywide Home Loans, Inc's Mem. in Supp. of Mot. to Dismiss Am. Compl (Countrywide's Mem.) at 4.) This case arises out of a dispute over a mortgage on the property. Plaintiffs became delinquent on their mortgage payments and accumulated approximately $15,000 in arrearages. (Countrywide Home Loan, Inc.'s Mem. in Supp. of Mot. to Dismiss. Original Compl. (Countrywide's Original Mem.) at 3.) As a result, on November 7, 2006, Countrywide Home Loans, Inc. (Countrywide), another defendant in this case, began foreclosure proceedings . (Am. Compl. at ¶ 11.)

Plaintiffs originally filed this action in state court. The state circuit court action sought an injunction against Defendants Countrywide and Samuel White (White) (the trustee in charge of the foreclosure proceeding) to prevent each from carrying out a foreclosure sale of Plaintiffs' property (or otherwise disposing of the property during the pendency of the suit), and asking the court to reinvest legal title and possession of fee simple interest in the property back to Plaintiffs. (Original Compl. ¶ 55.) On November 30, 2006, the state court issued an order staying the foreclosure sale on the property until December 20, 2006. (Mem. in Supp. of Def.'s Mot. to Dismiss Pl.'s Am. Compl. (Def.'s Mem.) at 7.) The state court further ordered that if Plaintiffs were to satisfy the their mortgage obligation by the December date, title would remain with them. (Am. Compl. at 3.) Plaintiffs failed to pay off the indebtedness by the specified date, and, as a result, the foreclosure sale ensued. (Id. at 3-4.) The United States, by its agency, the Department of Housing and Urban Development (HUD), obtained title to the property by its purchase of the property that is secured by a deed of trust held by the Department of Veterans Affairs (VA), another agency of the United States. (Original Compl. ¶¶ 33, 47.)

## II. Procedural History

On September 17, 2007, Plaintiffs, proceeding *pro se*, filed a complaint in the Circuit Court of Henrico County, Virginia alleging, *inter alia*, gross negligence and misconduct, violation of the Fair Debt Collection Practices Act (FDCPA), and wrongful or fraudulent conveyance of property. (Def.'s Notice of Removal, Ex. 1 (Pl.'s Sept. 17, 2007 State Court Compl.).) The United States, on behalf of the Secretary of HUD and the VA, filed a notice of removal with this Court on October 22, 2007. (Def.'s Notice of Removal.) Defendant United States then filed a motion to dismiss the Complaint soon after removal. In addition to its original

motion to dismiss, the United States contemporaneously filed a Notice of Substitution of the United States of America as the proper party defendant in lieu of the Secretary of HUD and the VA. (Notice of Substitution at 2.)

Plaintiffs retained counsel after the original motion to dismiss was filed and moved to amend their complaint. (Pl.'s Mot. to Am./Correct Compl.) The Court granted the motion. (Jan. 23, 2008 Order.) The Amended Complaint that was then filed contains four claims: two claims against Countrywide (pursuant to the Real Estate Settlement Procedures Act (RESPA) and the FDCPA), and two claims against White (FDCPA and Breach of a Fiduciary Duty). (Am. Compl. ¶¶ 24-41.) The Amended Complaint also sought an order reinvesting Plaintiffs with title to the property, as well as granting them a fee simple possessory interest in the property. (Id. at 8.) Defendant United States then filed a revised motion to dismiss in response to the Amended Complaint. Plaintiffs submitted a brief in opposition to the motion to dismiss, and the United States filed a reply. The matter is therefore ripe for disposition, the Court having also entertained oral argument on all pending motions.

### III. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the

plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Bell Atlantic Corp., the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than merely "conceivable." Id. Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

### IV. Analysis

As Defendant emphasizes in its motion to dismiss, there is only one reference to the United States in the entire Amended Complaint:

> 5. Defendant, United States of America, (hereinafter "USA"), is acting on behalf of the United States Department of Veteran Affairs and the Secretary of the

> Department of Housing and Urban Development. At all times relevant hereto, USA is a necessary party to this litigation in that these entities are claiming to be the lawful title holders of the property based on a foreclosure sale that the Plaintiffs claim is unlawful.

(Am. Compl. ¶ 5.) Accordingly, the only relief Plaintiffs request concerning the United States is that the Court determine the foreclosure sale to have been unlawful so as to reinvest title in Plaintiffs. (Id. at 2, 8.) However, the Court is barred from granting such relief by the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine provides that a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." American-Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (internal quotations omitted). The United States Supreme Court is the only federal court that has appellate jurisdiction over state court judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005) (citing 28 U.S.C. § 1257). Accordingly, the controlling question here is "whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." American-Reliable Ins., 336 F.3d at 316.

This case involved a state court proceeding in which the state court ordered the foreclosure sale of Plaintiffs' property. Specifically, the state court ordered, in essence, that the effect of the foreclosure sale, which was held on November 20, 2006, be stayed until December 20, 2006. If Plaintiffs were able to tender sufficient funds to satisfy the mortgage loan by December 20, 2006, then the result of the foreclosure sale would be considered void and Plaintiffs' ownership rights as to the property would be fully restored. The pertinent part of the state court order read as follows:

> ORDERED that the foreclosure sale scheduled for November 20, 2006 at 4:45 p.m. in the County of Henrico, can proceed and that Samuel I. White, P.C., Substitute Trustee is authorized to cry said foreclosure sale, provided that any such sale cannot be closed for a period of 30 days following the sale;
>
> ORDERED that within said 30 day period and in any event no later than December 20, 2006, plaintiffs may tender to Samuel I. White, P.C., certified funds sufficient to payoff or reinstate their loan with Countrywide Home Loans, Inc. . . . provided that payoff or reinstatement figures shall be obtained by the plaintiffs from Samuel I. White, P.C.
>
> ORDERED that in the event plaintiffs tender funds sufficient to payoff or reinstate their loan with Countrywide, the foreclosure sale conducted on November 20, 2006 shall be considered void and that such payment shall be received with reservation of plaintiffs' right to an accounting of and any refund for any payment which they can prove was not applied to the loan.

(Def. Countrywide's Mem., Ex. D.) Defendant United States argues that the Rooker-Feldman doctrine bars Plaintiffs' claims against the United States, because a decision by this Court granting the relief sought by Plaintiffs would, in effect, amount to an appellate review of a state court decision by a federal court as prohibited under the Rooker-Feldman doctrine.

Plaintiffs argue in response that the Rooker-Feldman doctrine is inapplicable. At oral argument, Plaintiffs attempted to support their position by citing to the recent Supreme Court decisions in Exxon Mobil Corp., 544 U.S. 280, and Lance v. Dennis, 546 U.S. 459 (2006). Plaintiffs argued that Exxon Mobil Corp. stands for the proposition that the Rooker-Feldman doctrine is inapplicable if the parties to the federal action are different from those involved in the state court proceeding. Plaintiffs also argue that the Lance court emphasized the "narrowness" of Rooker-Feldman. Plaintiffs, however, misconstrue the Court's holdings in both cases. Lance clearly states that the Rooker-Feldman doctrine applies if "the party *against whom the doctrine is invoked* [was] actually [] a party to the prior state-court judgment" or was in privity with such a party. 546 U.S. at 462 (emphasis added) (internal quotations omitted). Accordingly, the

requirement that the parties be identical applies to the *Plaintiffs* in this case, not Defendant United States, because the United States is invoking the doctrine against Plaintiffs. Furthermore, even if Plaintiffs' interpretation of the case-law regarding precise identity of the parties is correct, the VA, which was a party to the state court action in this case, is clearly in privity with the United States as an entity of the United States government. Consistent with such a precept, it is well established that the United States is the proper party for a claim made pursuant to the Federal Tort Claims Act, and must be substituted as the proper party in lieu of agencies of the United States government. See 28 U.S.C. §§ 2671, 2679.

The Court's decision in Exxon Mobil Corp. also supports Defendant's, rather than Plaintiffs', position that Rooker-Feldman is applicable in this case. Although Plaintiffs are correct that the Exxon Mobil Corp. Court emphasizes the narrowness of the doctrine, the Court also holds that "[t]he Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by *state court losers* complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284 (emphasis added). Plaintiffs' claim seeking to restore title of the disputed property to them is, therefore, precisely the type of claim that is barred by the Rooker-Feldman doctrine. See id.

The state court judgment authorized the foreclosure sale to proceed, and ultimately resulted in Plaintiffs forfeiting title to the property. The United States is only a party to this case because it received title to the property as a result of the foreclosure sale. Therefore, restoring Plaintiffs with title to the disputed property would obviously affect the United States's current interest in the property. Plaintiffs do not assert FDCPA or RESPA claims against the United

States, and thus, the only remedy involving the United States would be for the Court to divest the United States of title and restore title to Plaintiffs. Such a remedy is clearly barred under <u>Rooker-Feldman</u> because it would necessarily mean that this Court would be reversing the subject state court decision. Accordingly, the United States's motion to dismiss the Amended Complaint will be GRANTED, and the United States will be DISMISSED, WITH PREJUDICE, as a party to this action.

### V. **Outstanding Motions**

Because the Motion to Dismiss will be GRANTED, and the United States will be DISMISSED as a party to the action, Defendant United States's original Motion to Dismiss the Complaint (docket entry no. 6) and Motion for Protective Order Temporarily Staying Discovery (docket entry no. 52) will be DENIED as moot.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Date: 3/19/08