**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

_____
                 )
**DANNIE R. CARTER, et al.,**   )
                 )
  **Plaintiffs,**       )
                 )
  v.             )  **CIVIL NO. 3:07CV651**
                 )
**COUNTRYWIDE HOME**    )
**LOANS, INC., et al.,**      )
                 )
  **Defendants.**      )
_____)

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiffs' Second Motion to Amend/Correct the Amended Complaint (docket entry no. 66).

**I. The Parties' Positions**

  a.  **Plaintiffs' Argument in Support of Second Motion to Amend**

Plaintiffs' current amended complaint asserts only one violation of the Real Estate Settlement Practices Act ("RESPA") against Defendant Countrywide based on a qualified written request letter ("QWR"), dated January 11, 2007. (Compl. at ¶¶ 19-21, 25.) Plaintiffs request leave from the Court to amend their complaint to add additional alleged violations of RESPA on the part of Countrywide. (Pls.' Mem. in Supp. of Mot. for Leave to File a Second Am. Compl. ("Pls.' Mem.") at 2-3.) According to Plaintiffs, on December 13, 2007, two days after Plaintiffs' original motion for leave to amend was filed, Plaintiffs sent another QWR to Countrywide. (Id.) Additionally, Plaintiffs now seek leave to allege that they forwarded an earlier QWR, dated March 7, 2006, to Countrywide for information about a claimed shortage in

Plaintiffs' mortgage escrow account, to which Countrywide has still not responded. (Id. at 3.) Plaintiffs contend that these violations are related to the overall complaint concerning Countrywide's record of payments and amounts due on Plaintiffs' mortgage. (Id.)

Plaintiffs further request leave of court to add a state claim seeking a declaratory judgment by the Court to determine the actual amount owed by Plaintiffs during the history of the loan. (Id.) Finally, Plaintiffs seek to clarify their claim of Breach of Fiduciary Duty against Defendant Samuel White, with the inclusion of citation to relevant state statutes, *i.e.*, Code of Virginia §§ 55-59.4 and 26-15.[1] (Id. at 4.)

### b. Defendant Countrywide's Opposition to Second Motion to Amend

Countrywide argues that the Court should deny Plaintiffs leave to amend a second time. Countrywide contends that Plaintiffs had knowledge of the facts forming the basis of the claim arising from the March 7, 2006, QWR before the first motion for leave to amend was filed, as the letter was included in the documents that Plaintiffs voluntarily produced to Countrywide in this litigation. (Countrywide's Resp. in Opp'n to Pls.' Mot. for Leave to File Second Am. Compl.("Countrywide's Resp.") at 2.) Countrywide cites a number of Fourth Circuit and Eastern District of Virginia cases in which the courts, based on their discretion, denied leave to amend for the reason that the parties knew of the facts giving rise to the new claims at the time the original complaint was filed. (Id.)

Countrywide specifically argues that the Court should deny Plaintiffs' motion to add the RESPA claim arising out of Plaintiffs' December 13, 2007, letter because the claim has no merit,

---

[1] Plaintiffs assert that Defendant White failed to provide an accurate accounting of the foreclosure sale and deliver it to the Henrico County Commissioner of Accounts, pursuant to Virginia Code §§ 55-59.4 and 26-15.

it was sent three months after this litigation commenced, and two days after Plaintiffs submitted their proposed first amended complaint to the Court. (Id. at 3.) Countrywide states that "it appears that Plaintiffs initiated this lawsuit against Countrywide, and then attempted to manufacture new evidence in support of their RESPA claim. This conduct is improper and cannot give rise to liability under the statute." (Id.)

Finally, Countrywide argues that the Court should deny Plaintiffs' request for leave to assert a declaratory judgment claim because Plaintiffs' claim for a declaratory judgment is, in fact, nothing more than a motion to compel discovery as to the amount owed on Plaintiffs' mortgage at the time of the foreclosure sale.[2] (Id. at 3-4.) Countrywide also asserts that Plaintiffs already obtained such relief as a result of the November 30, 2006, Order of the state court that was involved, pursuant to which Plaintiffs received a statement of the payoff and the reinstatement amounts from Defendant White. (Id. at 4.)

### c. Defendant White's Opposition to Second Motion to Amend

Defendant White argues that if the Court allows Plaintiffs to amend for a second time, it would prejudice Defendant White in light of the vague manner in which Plaintiffs reiterate and incorporate the new allegation regarding the March 7, 2006, QWR against White. (Def. White's Br. in Opp'n to Pls.' Mot. for Leave to File a Second Am. Compl. at 3.) Plaintiffs make the allegation against White by reiterating and incorporating it in paragraph 36 of Count Three (the Fair Debt Collection Practices Act claim) and paragraph 40 of Count IV (Breach of Fiduciary

---

[2] Verbatim, Plaintiffs' proposed Count Five, "Prayer for Declaratory Judgment," reads as follows: "Plaintiffs seek a Declaratory Judgment from the Court directing that the Defendants take all actions necessary to make a determination of the actual amount owed at the time of the foreclosure sale and provide all documents in support of that determination." (Pls.' Proposed Second Am. Compl. ¶ 49.)

Duties Claim). White claims it is unclear how this new allegation has any impact on him. (Id.) White also opposes the second motion to amend on the basis that he claims it could not withstand a motion to dismiss, and therefore he contends that the motion should be denied as futile. (Id. at 4.)

## II. Analysis

Leave to amend a pleading is within the Court's discretion, and shall be freely granted when justice so requires. Fed. R. Civ. P. 15(a). Generally, courts will only deny leave to amend when the opposing party can demonstrate that it will suffer undue prejudice, or that the movant is acting in bad faith and/or with dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962).

### a. March 7, 2006 QWR

While it is undisputed that Plaintiffs were in possession of the March 7, 2006, letter, and facts giving rise to the newly proposed RESPA claim regarding the same, at least by the time the first motion for leave to file an amended complaint was submitted, Countrywide specifically admits that it has been on notice of the letter as it received a copy of it from Plaintiffs during initial discovery and production in this case. (Countrywide's Resp. at 2.) The cases cited by Countrywide in support of its opposition to the Court's granting leave to add this claim do not hold that a motion to amend *cannot* be granted when the facts were known to the party prior to the former complaint; rather, these cases are merely examples of when the courts exercised their *discretion* to deny leave to amend, based on various considerations such as the "relation back" doctrine, which is not at issue in this case.[3] Exercising its discretion and based on the mandate

---

[3] Plaintiffs cite to Fed. R. Civ. P. Rule 15(c)(1)(B) and state that the proposed additional "violations" of RESPA satisfy that rule's requirements of "relation back" for amendment. In Countrywide's opposition brief to Plaintiffs' second motion to amend, Countrywide also cites

that leave to amend shall be freely granted, this Court finds that it is in the interest of judicial economy to proceed in this case with all viable claims included so that the matter can be fully adjudicated on the merits. Indeed, if the motion to amend was denied and the motion to dismiss granted, it would, in all likelihood, be granted without prejudice and Plaintiffs could simply re-file the action. Such a development would be a waste of judicial resources. Accordingly, Plaintiffs' second motion for leave to amend the amended complaint will be GRANTED IN PART as to the RESPA claim arising from the March 7, 2006, letter.

### b. December 13, 2007 QWR

On December 13, 2007, two days *after* Plaintiffs' original motion for leave to amend was filed, Plaintiffs forwarded another QWR to Countrywide. (Pl.'s Mem. at 2-3.) As previously discussed, the Supreme Court has advised that leave to amend should *not* be freely given if there are any "apparent or declared reason[s] such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment." Foman, 371 U.S. at 182. Plaintiffs filed the original amended complaint and *thereafter* sent another QWR to

---

cases whose holdings are based on the relation back rule. Interestingly, although both parties raise the issue of "relating back," they do not argue or discuss it in their briefs. Fed. R. Civ. P. 15(c)(1)(B) states: "An amendment to a pleading relates back to the date of the original pleading when (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." There do not, however, appear to be any statute of limitations issues in the newly-raised RESPA claims. Plaintiffs' RESPA claims are brought under 12 U.S.C. § 2605. 12 U.S.C. § 2614, the statute of limitations section, states the following: "Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 . . . ." Since the earliest QWR at issue was dated March 7, 2006, and that is less than three years from the date of the proposed second amended complaint, the Court fails to see how "relating back" has any applicability.

Defendant. Plaintiffs then waited over four months from the time that Countrywide's response was due to file the present motion to amend the complaint for a second time - well *after* the Court granted Plaintiffs' original motion to amend and Defendants filed responsive pleadings. Under these circumstances, there is insufficient justification for such undue delay. Accordingly, Plaintiffs will be DENIED leave to amend their complaint to add the RESPA claim based on the December 13, 2007, QWR.

    **c.**    **Declaratory Judgment**

Plaintiffs request leave to add a prayer for relief of a Declaratory Judgment by the Court to determine the actual amount owed by Plaintiffs on their mortgage at all times during the life of the loan. (Pls.' Mem. at 3.) Plaintiffs alleged request for "Declaratory Judgment" is in fact a request for *discovery* as to the amount owed on Plaintiffs' mortgage at the time of the foreclosure sale and such discovery can be pursued in the context of pretrial proceedings in this case. Further, it appears that Plaintiffs previously obtained relief similar to that requested as a result of a November 30, 2006, Order of the state court (Henrico Circuit Court), pursuant to which Plaintiffs received a statement of the payoff and reinstatement amounts from Defendant White. The Order further provided that if Plaintiffs disagreed with the amount owed, they should make payments "with reservation of plaintiffs' right to an accounting of and any refund for any payment which they can prove was not applied to the loan." (Henrico Cir. Ct. Nov. 30, 2006 Order.) Plaintiffs failed to do so. Accordingly, for all of these reasons, Plaintiffs will be DENIED leave to amend the amended complaint to add a prayer for Declaratory Judgment relief.

### d. Breach of Fiduciary Duty Claim

Plaintiffs seek to clarify their claim of Breach of Fiduciary Duty against Defendant White by adding citation to relevant state statutes, namely, Code of Virginia § 55-59.4 and § 26-15. Where neither defendant objects to this amendment, Plaintiffs will be GRANTED leave to amend their amended complaint to include the citations.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Date: May 16, 2008
Richmond, Virginia