IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DANNIE R. CARTER and <br> DOROTHY M. CARTER, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRYWIDE HOME <br> LOANS, INC., et al, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   CIVIL NO. 3:07CV651 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

This matter is before the Court on Defendants Countrywide Home Loans, Inc. ("Countrywide") and Samuel I. White, P.C.'s ("White") Motions for Partial Summary Judgment against Plaintiff Dannie Ray Carter and Dorothy Marie Carter's (collectively, "the Carters") claim for actual damages. (Docket Nos. 105 & 108).  The issues have been fully briefed and the Court concludes that oral argument would not be of additional assistance in the decisional process.  For the reasons set forth herein, the motion is DENIED.

### I. Procedural History

On September 17, 2007, the Carters initiated an action in the Circuit Court of Henrico County, Virginia against Countrywide for several claims relating to Countrywide's alleged failure to properly credit payments that the Carters made towards their mortgage loan with Countrywide.  The case was later removed to this Court in October 2007.  The Carters seek actual and statutory damages for violations of the Real Estate Settlement Procedures Act

("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and for attorneys' fees and costs. (Compl. at 5-6.).[1] Following a discovery conference with all parties, this Court provided the defendants with the opportunity to file cross motions for summary judgment on the limited issue of whether "actual damages" as defined under RESPA and the FDCPA include or exclude claims for economic loss and emotional distress.

## II. Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). In reviewing a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party. Id. at 255.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

---

[1] All citations to the Complaint refer to Plaintiff's Second Amended Complaint filed on October 2, 2008. (Docket No. 83).

judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact. <u>Anderson</u>, 477 U.S. at 247-48 (emphasis in original). Indeed, summary judgment must be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). To defeat an otherwise properly supported motion for summary judgment, the nonmoving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of some "metaphysical doubt" concerning a material fact. <u>Lewis v. City of Va. Beach Sheriff's Office</u>, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted). Of course, the Court cannot weigh the evidence or make credibility determinations in its summary judgment analysis. <u>Williams v. Staples, Inc.</u>, 372 F.3d 662, 667 (4th Cir. 2004).

Furthermore, a "material fact" is a fact that might affect the outcome of a party's case. <u>Anderson</u>, 477 U.S. at 247-48; <u>JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.</u>, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248; <u>see also</u> <u>Hooven-Lewis v. Caldera</u>, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact only arises when the evidence, when viewed in the light most favorable to the non-moving party, is sufficient to allow a reasonable jury to return a verdict in that party's favor. <u>Anderson</u>, 477 U.S. at 248.

### III. <u>Analysis</u>

Plaintiffs allege that they are entitled to recover actual damages, additional statutory

damages, and attorneys' fees and costs for Defendants' alleged RESPA and FDCPA violations. (Compl. at 5-6). Included in the Plaintiffs' list of actual damages are the loss of equity in their home resulting from the foreclosure, economical damages, and damages for emotional and mental distress, frustration, humiliation, and damage to their reputation. (Second Amend. Compl. at 5-6). This Court has previously ruled, however, that "any actual damages claimed by Plaintiffs that are related to the foreclosure of Plaintiffs' home are barred by the Rooker-Feldman doctrine" where the state court has already ruled on such issues. Mem. Op., Sept. 3, 2008, at 16. Therefore, the issue remains whether or not Plaintiffs' claims for economical damages and emotional distress constitute actual damages that are recoverable in the present action.

Countrywide seeks partial summary judgment on the issue of actual damages, arguing that Plaintiffs have no evidence to support their claims. (Countrywide Mem. in Supp. of Mot. for Partial Summ. J. "Countrywide Mem." at 10.). White likewise requests dispositive relief on the issue based on Plaintiffs' alleged failure to provide evidence to support their claim for actual damages. (White Mem. in Supp. of Mot. for Partial Summ. J. "White Mem." at 1.). However, Countrywide does not argue, as was suggested at the conference with the Court, that the Carters' claims for economic loss and emotional distress are not available under RESPA or the FDCPA. At the same time, White does argue in its motion that Plaintiffs' claims should fail as a matter of law. (White Mem. at 1.).

**A.     Damages for Emotional Distress Under RESPA**

Section 2605(f) of RESPA provides:

Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:

(1) Individuals

>In the case of any action by an individual, an amount equal to the sum of --
>
>(A) any actual damages to the borrower as a result of the failure; and
>
>(B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000."

12 U.S.C. § 2605(f). Thus, RESPA does allow recovery of "actual damages." Accordingly, the issue before this Court is whether actual damages under § 2605(f)(1)(A) may include compensation for economic loss and/or emotional and mental distress.

The first step in construing a statute is to interpret the statutory language in accordance with its "plain meaning." Boulware v. Crossland Mortgage Corp., 291 F.3d 261, 266 (4th Cir. 2002). Section 2605 of RESPA provides for relief in the form of "any actual damages to the borrower" arising from a violation of said section. The courts that have examined § 2605(f) have consistently found that "actual damages" includes emotional distress damages. See Wright v. Litton Loan Servicing LP, No. 05-02611-JF, 2006 U.S. Dist. LEXIS 15691, at *9-10 (E.D. Pa. Apr. 4, 2006) (concluding that "'actual damages' includes damages for non-economic loss, such as pain, suffering, and emotional distress"); Ploog v. HomeSide Lending, Inc., 209 F. Supp. 2d 863, 870 (N.D. Ill. 2002) ("RESPA's actual damages provision includes recovery for emotional distress."); Johnstone v. Bank of America, N.A., 173 F. Supp. 2d 809, 814-16 (N.D. Ill. 2001) (actual damages may include emotional distress); Rawlings, 64 F. Supp. 2d 1156, 1165 (M.D. Ala. 1999) (the term "actual damages" includes damages for mental anguish).

The courts which found RESPA's actual damages provision to include damages for emotional distress did so on the basis that RESPA is a consumer protection statute that should be construed liberally. See, e.g., Johnstone, 173 F. Supp. at 816 (finding that "the express terms of RESPA clearly indicate that it is, in fact, a consumer protection statute"). Even courts that have

not had occasion to consider the issue of whether § 2605(f) permits recovery for emotional distress damages have interpreted RESPA as being a consumer protection statute. See Cortez v. Keystone Bank, Inc., 2000 U.S. Dist. LEXIS 5705, at *38 (comparing RESPA and the Truth in Lending Act (TILA) and finding that "both statutes are consumer protection statutes") Such authority is persuasive whereby Congress has evinced its intent for RESPA to be a remedial consumer protection statute. Indeed, in the section of the statute entitled "Congressional findings and purpose," it is stated:

> The Congress finds that significant reforms in the real estate settlement process are needed to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are *protected* from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country.

12 U.S.C. § 2601(a) (emphasis added).

Only two courts that have analyzed § 2605(f) have held that its actual damages provision does not encompass emotional distress. See Katz v. Dime Savings Bank, 992 F. Supp. 250, 255-56 (W.D.N.Y. 1997); see also In re Tomasevic, 273 B.R. 682, 687 (M.D. Fla. 2002) (following Katz). In Katz, the court examined the legislative history of § 2605 and concluded that it "was originally enacted by Congress in 1990 as part of the Affordable Housing Act, the purpose of which was to help provide for more affordable housing in the United States." Id. Therefore, the court reasoned:

> [T]he duty of a loan officer to respond to borrower inquiries is just one small part of a broad statute designed to help facilitate home ownership. . . . If Congress had intended for this statute to have a remedial purpose, then it would have explained such an intention either in the language of the statute or the accompanying legislative history."

Id. This Court respectfully disagrees with the analysis, however, because it contrasts with the

express terms of RESPA.[2]  As noted earlier, the statutory language is clear that Congress intended for RESPA to be a remedial consumer protection statute.  As the court in Rawlings explained:

> in 1990, Congress purposefully inserted the contents of § 2605 into RESPA. . . . Had Congress intended for this one section of RESPA not to serve a remedial purpose, it is the court's belief that Congress would have been explicit with such intention, particularly as it would have been contrary to the purposes of the remainder of the statute.  As Congress made no such reference, the court finds that § 2605, like the rest of RESPA, is a remedial, consumer-protection statute.

64 F. Supp. 2d at 1166.  Because this Court finds the rationale of cases like Rawlings and Johnstone persuasive, and because nothing in the pertinent statutory language limits the scope of actual damages, the Court concludes that § 2605's actual damages provision includes possible recovery for Plaintiffs' emotional distress damages.

**B.     Damages for Economic Loss Under RESPA**

Countrywide and White do not challenge the fact that Plaintiffs' are entitled to recover damages for out-of-pocket expenses for their RESPA claim.  However, they each argue that Plaintiffs have failed to prove any economic loss resulting from Defendants' actions. (Countrywide Mem. at 1; White Mem. at 1.).  As discussed at the discovery conference, however, the Court is not inclined to rule at this juncture, before trial and a full opportunity to develop the record, whether Plaintiffs' have proven any pecuniary loss.  For purposes of

---

[2]  It is also worth noting that the U.S. Department of Housing and Urban Development (HUD), the Cabinet-level department responsible for implementing RESPA, also interprets RESPA as being a consumer protection statute.  For example, on its website, HUD advises that "RESPA is a HUD consumer protection statute designed to help homebuyers be better shoppers in the home buying process, and is enforced by HUD." U.S. Dep't of Housing and Urban Development, RESPA - Real Estate Settlement Procedures Act, available at http://www.hud.gov/offices/hsg/sfh/res/respa_hm.cfm.

7

resolving the issue at hand, it is simply held that all provable damages, including economic, are permitted under RESPA.

**C.     Actual Damages Under the FDCPA**

The FDCPA's actual damages provision also encompasses emotional distress damages. Section 1692k of the FDCPA provides in pertinent part:

> (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such a person in an amount to the sum of-
>
> (1) any actual damages sustained by such a person as a result of such failure;
>
> (2)(A) in the case of an action by an individual, such additional damages as the court may allow, but not exceeding $1,000,* * * *

15 U.S.C. § 1692k.  The language of § 1692k and § 2605(f) of RESPA are essentially identical. Not surprisingly, courts that have analyzed the FDCPA have held that § 1692k's provisions allow for recovery of emotional distress damages. See, e.g., Davis v. Creditors Interchange Receivable Mgmt., LLC, 585 F. Supp. 2d 968, 971-73 (N.D. Ohio 2008); McGrady v. Nissan Motor Acceptance Corp., 40 F. Supp. 2d 1323, 1338 (M.D. Ala. 1998) (finding that damages for mental anguish are recoverable under the FDCPA); Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182, 185 (D. Del. 1991) (noting that both the Fair Credit Reporting Act (FCRA) and the FDCPA provide for actual damages for emotional distress).  Moreover, the Federal Trade Commission Commentary to the FDCPA has established that "actual damages" for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out-of-pocket expenses." Staff Commentary on the Fair Debt

Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988).  Finding there to be no statutory language limiting the type of actual damages recoverable, nor persuasive adverse case precedent, while finding compelling supportive precedent, the Court concludes that the FCPA also allows for the recovery of all provable damages, including those of an emotional nature.

## IV.  Conclusion

All provable damages, including emotional, are permitted under RESPA and the FDCPA.  While Countrywide and White argue that the issue of actual damages should be resolved at this stage, based on the conclusory evidence presently available, the Court notes that such evidence as that concerning emotional distress is, by its very nature, not necessarily susceptible to precise quantification and, therefore, the Court declines to preclude, as a matter of law, the ultimate fact finder's consideration of such evidence at trial.

An appropriate Order shall issue.

/s/<br>Dennis W. Dohnal<br>United States Magistrate Judge

Dated: April 14, 2009